```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KENNETH LEOGRANDE,

            Plaintiff,                        ORDER
                                              08-CV-3088 (JFB)(ARL)
       - against -

SUFFOLK COUNTY, et al.,

            Defendants.
----------------------------------X
KENNETH LEOGRANDE,

            Plaintiff,                        ORDER
                                              12-CV-707 (JFB)(ARL)
       - against -

NEW YORK STATE,

            Defendants.
----------------------------------X
```

JOSEPH F. BIANCO, District Judge:

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 16 2012 ★
LONG ISLAND OFFICE

Plaintiff filed the instant complaint on February 9, 2012. Plaintiff also requested to proceed *in forma pauperis*. The request to proceed *in forma pauperis* is granted. For the reasons discussed below, the Clerk of Court is hereby ordered to consolidate this action with another action commenced by plaintiff under the docket number 08-cv-3088 (JFB)(ARL), which arises from the same factual nexus and implicates the same legal issues.

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

Consolidation is appropriate in order to serve the interests of judicial economy. *See, e.g., Jacobs v. Castillo*, No. 09 Civ. 953 (CM), 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009) ("Consolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," *Johnson*, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Trans. Comm'cns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal citations omitted). Cases may be consolidated even where, as here, certain defendants are named in only one of the complaints. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004). The paramount concern, however, is whether savings of expense and gains of efficiency can be accomplished without sacrifice of justice. *Johnson*, 899 F.2d at 1285 ("Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.").

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Kellen Co. v. Calphalon Corp.*, 54 F. Supp.2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); *accord Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. *See Adam*,

950 F.2d at 92; *First City Nat'l Bank & Trust Co.*, 878 F.2d at 80; *Kellen*, 54 F. Supp. 2d at 221.

Here, plaintiff has brought two actions relating to his prosecution in the Suffolk County courts. Accordingly,

IT IS HEREBY ORDERED that the Clerk of Court consolidate the two above-captioned cases under the first case filed, docket number 08-cv-3088; and

IT IS FURTHER ORDERED that the Clerk of Court shall close the case with docket number 12-cv-707 (JFB)(ARL) and direct any further filings in that case to 08-cv-3088.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: February 16, 2012
Central Islip, New York